O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GREG RYDEEN,
              Plaintiff,

    v.

COUNTY OF LOS ANGELES,

              Defendants.

Case No. CV 15-03629 DDP (Ex)

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

[Dkt. 12]

     Presently before the court is Defendant's Motion to Dismiss claims for violation of Defendant's Fourth Amendment rights. Having considered the parties' submissions, the court grants the motion and adopts the following Order.

**I. Background.**

     On February 25, 2014, Plaintiff was arrested for alleged inappropriate touching of a woman. (Complaint ¶ 13.) Plaintiff was booked, classified, and incarcerated in the general population at the Los Angeles County jail awaiting trial. (Id. ¶ 14.) Beginning in June 2014, while Plaintiff was still incarcerated, Plaintiff alleges that the deputies in charge of the jail told other inmates about Plaintiff's charges. (Id. ¶ 15-16.)

1    Soon after, Plaintiff was attacked by fellow inmates who knew
2  of the charges against him.  (Compl. ¶ 16.)  After the attack,
3  Plaintiff was given a red armband and a special classification, but
4  he was still housed in the general population.  (<u>Id.</u> at ¶ 17.)
5  Plaintiff was informed that a "green light" had been ordered and
6  that he was a target for other inmates.  (<u>Id.</u>)  On June 20, 2014,
7  Plaintiff alleges that he was placed on a "mainline" with other
8  inmates being transported to court, in violation of his special
9  classification.  <u>Id.</u> at ¶ 18.)  That same day, Plaintiff was
10  attacked and injured by fellow inmates for a second time.  (<u>Id.</u>)
11  Plaintiff alleges that deputies did not attempt to help him during
12  the attack.  (<u>Id.</u> at ¶ 19.)

13    Plaintiff's Complaint alleges causes of action for civil
14  rights violations, negligence, intentional infliction of emotional
15  distress, and assault and battery.  Defendant now move to dismiss
16  any constitutional claims premised upon the Fourth Amendment, as
17  opposed to the Fourteenth Amendment.

18  **II. Legal Standard.**

19    A complaint will survive a motion to dismiss when it contains
20  "sufficient factual matter, accepted as true, to state a claim to
21  relief that is plausible on its face."  <u>Ashcroft v. Iqbal</u>, 556 U.S.
22  662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544,
23  570 (2007)).  When considering a Rule 12(b)(6) motion, a court must
24  "accept as true all allegations of material fact and must construe
25  those facts in the light most favorable to the plaintiff."  <u>Resnick</u>
26  <u>v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000).  Although a complaint
27  need not include "detailed factual allegations," it must offer
28  "more than an unadorned, the-defendant-unlawfully-harmed-me

2

accusation." <u>Iqbal</u>, 556 U.S. at 678.   Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." <u>Id.</u> at 679.   In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted.   <u>Id.</u> at 678 (citations and internal quotation marks omitted).

     "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." <u>Id.</u> at 679.   Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." <u>Twombly</u>, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."   <u>Iqbal</u>, 556 U.S. at 679.

**III. Discussion**.

     Plaintiff's Complaint does not indicate whether he had been arraigned by the time he was assaulted by fellow inmates in June. By that time, however, Plaintiff had been incarcerated for approximately four months.   Plaintiff does not appear to dispute that he had been arraigned by the time of the assaults, and the court assumes as much for purposes of this motion.   The question before the court, then, is whether a post-arraignment detainee such as Plaintiff may bring claims under the Fourth Amendment, as opposed to a due process claim under the Fourteenth Amendment.

3

1    "The custodial continuum runs through the initial arrest or

2    seizure, post arrest but pre-charge or pre-hearing custody,

3    pretrial detention, and post-conviction incarceration." <u>Pierce v.</u>

4    <u>Multnomah County</u>, 76 F.3d 1032, 1043 (9th Cir. 1996).  The

5    constitutional basis for a detainee's claim will differ based on

6    the plaintiff's status at the time of the alleged violation.  <u>See</u>,

7    <u>e.g.</u>, <u>Morales v. Sacramento County Sheriff's Dep't</u>, No. 13-cv-00414

8    DAD, 2013 WL 5773121 at *3 (E.D. Cal. Oct. 24, 2013).

9        In <u>Graham v. Connor</u>, the plaintiff brought a civil rights

10   action for injuries sustained when law enforcement officers used

11   physical force against him during an investigatory stop.  <u>Graham v.</u>

12   <u>Connor</u>, 490 U.S. 386, 388 (U.S. 1989).  The Supreme Court held that

13   claims for excessive use of force "in the course of making an

14   arrest, investigatory stop, or other 'seizure' of [plaintiff's]

15   person . . . are properly analyzed under the Fourth Amendment's

16   'objective reasonableness' standard, rather than under a

17   substantive due process standard."  <u>Id.</u> at 388.  The Court also

18   declined to address whether the Fourth Amendment's protection

19   extends beyond the end of an arrest, while noting that "the Due

20   Process Clause protects a pretrial detainee from the use of

21   excessive force that amounts to punishment."  <u>Id.</u> at 394-95.

22       In <u>Pierce</u>, the plaintiff alleged that the defendants violated

23   her Eighth and Fourth Amendment rights by detaining her for four

24   hours for identification following a citation for boarding a train

25   without proof of payment of fare, and for excessive force during

26   that detention.  <u>Pierce</u>, 76 F.3d at 1035.  Interpreting <u>Graham</u>, the

27   Ninth Circuit agreed with other precedent that "applies the Fourth

28   Amendment standard to assess the constitutionality of the duration

1  of or legal justification for a prolonged warrantless, post-arrest,

2  pre-arraignment custody." (<u>Id</u>. at 1043 (emphasis and citations

3  omitted)).  The court therefore held that the "Fourth Amendment

4  sets the applicable constitutional limitations on the treatment of

5  an arrestee detained without a warrant up until the time such

6  arrestee is released or found to be legally in custody based upon

7  probable cause for arrest."  <u>Id.</u> at 1043.

8      In <u>Gibson v. County of Washoe</u>, the widow of a decedent brought

9  a § 1983 claim against the County, the sheriff, and a number of the

10  sheriff's deputies who were on duty at the jail when her husband

11  died from a heart attack while in custody on the night of his

12  arrest.  <u>Gibson v. County of Washoe</u>, 290 F.3d 1175, 1183-84 (9th

13  Cir. 2002).  The Ninth Circuit looked to <u>Graham</u> and <u>Pierce</u> and held

14  that <u>Graham</u> "explicates the standards applicable to a pretrial

15  detention excessive force claim in this circuit," and that "the

16  Fourth Amendment sets the 'applicable constitutional limitations'

17  for considering claims of excessive force during pretrial

18  detention."  <u>Gibson</u>, 290 F.3d at 1197 (quoting <u>Pierce</u>, 76 F.3d at

19  1043); <u>see also</u> <u>Lolli v. Cty. of Orange</u>, 351 F.3d 410, 418-19 (9th

20  Cir. 2003)(holding that "the Fourth Amendment provides the proper

21  framework for Lolli's excessive force claim . . . .").

22      Plaintiff argues here, essentially, that, notwithstanding the

23  <u>Pierce</u> court's pronouncement that the Fourth Amendment applies "up

24  until the time [a plaintiff] is released or found to be legally in

25  custody" and reference to "pre-arraignment custody," the <u>Gibson</u>

26  court's later statement that the Fourth Amendment applies to claims

27  "during pretrial detention" allows Plaintiff to maintain a Fourth

28

1   Amendment claim based on facts occurring even after he was

2   arraigned.  <u>Pierce</u>, 76 F.3d at 1043; <u>Gibson</u>, 290 F.3d at 1197.

3       Several district courts have considered, and rejected, the

4   position put forth by Plaintiff.  In 2008, the court in <u>Henderson</u>

5   <u>v. City and Count of San Francisco</u>, the court concluded, after a

6   thorough analysis of <u>Pierce</u>, <u>Gibson</u>, and <u>Lolli</u>, that "the Due

7   Process Clause of the Fourteenth Amendment alone governs the use of

8   force against a prisoner during the period between arraignment and

9   conviction."   <u>Henderson v. City and County of San Francisco</u>, No.

10  C05 0234 VRW/WAF, 2007 WL 2778682, at *1 (N.D. Cal. Sept. 21,

11  2007).  In so doing, the court explicitly rejected the argument

12  Plaintiff raises here.  "If we were to ignore its factual context,

13  <u>Gibson</u>'s statement that the Fourth Amendment applies to 'claims of

14  excessive force during pretrial detention' might be read broadly to

15  govern pretrial detention both before and after arraignment.

16  However, such a reading would be inconsistent with <u>Gibson's</u>

17  explicit reliance on <u>Pierce</u>, the language and logic of which

18  clearly distinguished between pre-and post-arraignment detention,

19  and with the fact that <u>Gibson</u> did not involve the post-arraignment

20  use of force."  <u>Id.</u> at *2.  The court further concluded that

21  "<u>Gibson</u> and <u>Lolli</u> do little to undermine <u>Pierce's</u> suggestion that

22  the Fourth Amendment's protections against unreasonable seizure end

23  once a detainee is 'found to be legally in custody based upon

24  probable cause for arrest.'"  <u>Id.</u> at *3.

25      In <u>Leialoha v. MacDonald</u>, the family of a decedent brought a §

26  1983 claim after a post-arraignment detainee died while attempting

27  to escape a prison transportation vehicle.  <u>Leialoha v. MacDonald</u>,

28  No. CIV. 07 00218ACKKSC, 2008 WL 2736020, at *2-3 (D. Haw. July 11,

2008).   Referring to <u>Lolli</u>, <u>Gibson</u>, and <u>Pierce</u>, the court stated that "[w]hile these cases stand for the proposition that pre-arrangment, pretrial detainees are afforded Fourth Amendment protections against excessive force, they do not support Plaintiffs' contention that . . . a post-arrangment detainee[] is entitled to those same protections." <u>Leialoha</u>, 2008 WL 2736020, at *6.   The <u>Leialoha</u> court noted that other courts, including <u>Henderon</u>, had reached the same conclusion.   <u>Id.</u>   One of the other cases cited by the <u>Leialoha</u> court, <u>Grinage v. Leyba</u>, involved a plaintiff who testified that he had been in custody for two months at the time of an alleged constitutional violation, suggesting that he was a post-arrangment detainee.   <u>Grinage v. Leyba</u>, No. 2:06 CV 0835 RLH-GWF, 2008 WL 199720, at *2 (D. Nev. Jan. 17, 2008).   Thus, the court concluded that the Due Process Clause of the Fourth Amendment provided the appropriate constitutional framework for the plaintiff's excessive use of force claim.   <u>Id.</u> at *4.

    Plaintiff here does not address <u>Henderson</u>, <u>Leialoha</u>, <u>Grinage</u>, or any of the other cases applying only a Fourteenth Amendment standard to a post-arrangment, pre-trial detainee's constitutional claims.[1]   This court agrees with the well-reasoned decision in <u>Henderson</u>, and, as did the <u>Henderson</u> court, rejects the argument that <u>Gibson</u> somehow expanded the applicability of the Fourth Amendment to a point on the custodial continuum beyond arraignment.

**IV.   Conclusion**

---

[1] Plaintiff does make reference to an earlier Order in the <u>Henderson</u> case, but not the Order in which the court addressed the precise argument Plaintiff raises before this court.

7

For the reasons stated above, Defendant's Motion to Dismiss is GRANTED.  Any amended complaint shall be filed within fourteen days of the date of this Order.

IT IS SO ORDERED.

Dated: June 6, 2016

DEAN D. PREGERSON
United States District Judge